IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

MANUEL PANTOJA, individually and
on behalf of all similarly situated plan
participant/beneficiary,

      Plaintiff,

vs.

EDWARD ZENGEL & SON EXPRESS,
INC. a/k/a EDWARD ZENGEL & SON,
INC., EDWARD ZENGEL, SR., EDWARD
ZENGEL, JR., and MARIE ZENGEL,

      Defendants.
_____/

CASE NO. 10-20663-CIV-Lenard
Magistrate Judge O'Sullivan

## **DEFENDANTS' MOTION FOR ENTRY OF FINAL APPEALABLE JUDGMENT**

Defendants, Edward Zengel & Son Express, Inc. a/k/a Edward Zengel & Son, Inc., Edward Zengel, Sr., Edward Zengel, Jr., and Marie Zengel (collectively, "Defendants"), by and through their undersigned counsel and pursuant to Rule 58(d), Federal Rules of Civil Procedure, file this Motion for Entry of Final Appealable Judgment and state as follows:

In this action, Plaintiff, Manuel Pantoja, filed an amended three count class action complaint against Defendants. [D.E. 28]. On August 5, 2011, the Court entered an order: (1) denying Plaintiff's Motion for Partial Summary Judgment; (2) granting summary judgment in favor of Defendant's as to Counts I and II of Plaintiff's Amended Complaint; and (3) concluding that genuine issues of material fact existed with regard to Count III. [D.E. 114].

As a result of the Court's summary judgment order, [D.E. 114], only Count III of the Plaintiff's Amended Complaint remained to be tried. However, on September 30, 2011, Magistrate O'Sullivan entered a Report and Recommendation and recommended that the Court

dismiss Count III of the Plaintiff's Amended Complaint. [D.E. 126]. The basis for Magistrate O'Sullivan's recommendation was that "[t]he parties have reached a compromise only as to Count III of the Amended Complaint (DE# 28, 9/1/10)." [D.E. 126]. On October 3, 2011, the Court entered a paperless order adopting Magistrate O'Sullivan's Report and Recommendation and dismissing Count III with prejudice. [D.E. 128, amended by D.E. 129]. The Court noted that Count III is the only remaining claim and directed the Clerk to close the case, however, retained jurisdiction to enforce the settlement agreement as to Count III. [*Id.*].

At this time, the Court has entered summary judgment and/or dismissed each of the three counts in the Plaintiff's Amended Complaint. [D.E. 114, 129]. However, the summary judgment order on Count I and Count II of the Amended Complaint is not "set out in a separate document" as required by Fed. R. Civ. P. 58(a). "If a separate document is required by Federal Rule of Civil Procedure 58(a)(1)," as is required for judgments resulting from a motion for summary judgment, "then the order is not entered until either the 'judgment or order is set forth on a separate document'." *Davis v. Polk County Sheriff's Office*, 170 Fed.Appx. 598, 599 (11th Cir. 2005). Without the entry of a separate judgment, the parties will be without certainty as to the deadline for Plaintiff to file any potential appeal. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) ("Technical application of the separate-judgment requirement is necessary in that context to ***avoid the uncertainties that once plagued the determination of when an appeal must be brought***." (emphasis supplied). Simply, "the time to file a notice of appeal does not begin to run until a separate judgment is entered pursuant to Rule 58," *Reynolds v. Golden Corral Corp.*, 213 F.3d 1344, 1346 (11th Cir. 2000), and the Defendants would like to establish certainty with regard to the appellate deadlines.

Further, the entry of a separate judgment will also provide the parties with a definitive date from which the deadlines for seeking attorneys' fees and costs are triggered. While "Local Rule 7.3 does not require a final judgment," "comments to this local rule make clear that the modifier 'final' applies to both 'judgment' and 'order' when they note that ***the motion may only be made where the order giving rise to entitlement is 'appealable'.***" *Mid-Continent Cas. Co. v. Basdeo*, 08-61473-CIV, 2011 WL 2077802, note 3 (S.D. Fla. April 26, 2011)(emphasis supplied), *report and recommendation approved sub nom. Mid-Continent Ca. Co. v. Basdeo*, 08-61473-CIV, 2011 WL 2112002 (S.D. Fla. May 26, 2011).

The entry of a separate judgment will provide certainty as to the appellate deadline and conform with the purpose of the rule which the Supreme Court has stated is "to simplify and make certain the matter of appealability." *Bankers Trust Co.*, 435 U.S. at 386. Further, the separate order will provide a definitive deadline governing a motion for attorneys' fees and costs.

WHEREFORE, the Defendants request that the Court enter a final judgment in the form prescribed by Rule 58(a), Federal Rules of Civil Procedure, and direct the Clerk to include the entry of judgment on the docket for this case.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2011, I have electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on Sina Negahbani, Esquire, counsel for Plaintiff, Law Offices of Sina Negahbani, P.O. Box 566055, Miami, Florida 33256, in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    /s/ Jeffrey T. Kuntz
DANIEL ALTER, Florida Bar No. 0033510
Email: dan.alter@gray-robinson.com
JEFFREY T. KUNTZ, Florida Bar No. 26345
Email: jkuntz@gray-robinson.com
GRAY ROBINSON, P.A.
Counsel for Defendants
401 East Las Olas Boulevard, Suite 1850
Fort Lauderdale, Florida 33301
Telephone: (954) 761-8111
Facsimile: (954) 761-8112